UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

REDACTED,
Plaintiff

v.

REDACTED
Individually and in their official capacities,
Defendants

CASE NO.   5:23-cv-1019 (BKS/TWD)

**MOTION TO FILE PSEUDONYMOUSLY/REDACTED CIVIL COMPLAINT**

1. Because of who the parties are, revealing their identities at this point would severely prejudice Plaintiff.  Plaintiff will suffer devastating and irreparable damage if identities are revealed now.

2. Courts have ruled that the degree of economic harm to a plaintiff is crucial with regard to allowing a plaintiff to file pseudonymously.  See *Does I thru XXIII*, 214 F.3d 1058 (9th Cir. 2000) (holding that the threat of deportation from the Northern Mariana Islands to China and other economic sanctions threatened against garment-worker plaintiffs was sufficient to outweigh prejudice to the defendant companies).

3. Without being able to file with party identities initially concealed, the economic harm to Plaintiff will be severe.  This is not a minor civil action that turns on the value of a luxury automobile destroyed by a bad mechanic or an exotic pet that dies because of misdiagnosis by a veterinarian.  It is a major matter that reaches nearly $1 million in money and property damages today and well over $3 million dollars in cumulative future damages.  Plaintiff is already on the Lifeline program, Medicaid, utility payment assistance, and SNAP and must be made whole in order to lessen the taxpayers' burden and to be able to survive without their help.

4. Plaintiff is on aforesaid programs due to the nefarious and outright criminal actions of the defendants in this matter and other associated criminal actors, which will become apparent during litigation.  If the case is allowed to move forward and Plaintiff prevails—which is a certainty *if* evidence, facts, and law are not disregarded—the public interest will be met since Plaintiff will no longer need most or all of the above programs to survive.

5. Because of the extremely sensitive nature of this case, for reasons that can't be fully given now, and in the true interest of justice, information that identifies parties must remain anonymous at this early juncture.

6. Cases have been filed in federal court with redacted litigants.  See, for example, *Redacted v. Redacted*, 326 F. Supp. 3d 1349 (M.D. Ga. 2018) and *Redacted v. Redacted*, case no. 22-cv-06182-HSG, filed in the U.S. District Court for the Northern District of California.  Cases have also been

filed in federal court with anonymous litigants. See, for example, *Anonymous v. Anonymous*, 558 F.2d 677 (1977).

7. In *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008), the Second Circuit provided ten factors for allowing sealed matters to proceed. Several are relevant in the instant case: retaliatory harm to Plaintiff is very real; the injury litigated against would be incurred as a result of disclosure (actually, *premature* disclosure here); the plaintiff's identity has thus far been kept confidential; the public's interest in the litigation is furthered by allowing the plaintiff to retain his anonymity (actually, just initially here); because of the purely legal nature of the issues presented or otherwise, there is a weak public interest in knowing the litigants' identities (even though they can eventually be revealed here); and no other alternative mechanisms exist for protecting the confidentiality of Plaintiff.

8. Note the difference between *Sealed Plaintiff* and this action. Here the requirements are far less stringent. Plaintiff does **_not_** need anonymity for the duration of the case. In the interest of justice, Plaintiff only needs anonymity initially.

9. It is longstanding jurisprudence that the main reason court records should be available to the public is for "transparency." Ironically, so-called transparency of court records is often a façade. Moreover, public interest requires their voices to be heard regarding whether or not they want to continue supporting Plaintiff financially. Their voices will certainly be stifled without a temporary shield of anonymity. Allowing Plaintiff to file an anonymous/redacted complaint with all redacted information later replaced will suit both ends: there will be eventual transparency, and the public will have their voices heard regarding this matter. Additionally, justice can be served.

10. Redacted party names and all other redacted information in the complaint can soon be replaced with actual information. In *Doe v. Cabrera*, 307 F.R.D. 1 (D.D.C. 2014), Plaintiff was allowed to proceed pretrial entirely anonymously. Here, Plaintiff only requires such ability temporarily. Plaintiff will file an amended complaint before Defendant's first responsive pleading and reveal all anonymous/redacted information in said amended complaint.

## CONCLUSION

In order for justice to be served, Plaintiff requests anonymity, redaction, and/or other identity protection of parties and redaction of small bits of complaint content only for a very short time during the initial stage of this civil action. Plaintiff requests that the caption be temporarily titled as is or with party names other than typical John/Jane Does, perhaps random other names: Robert Hampton, for example.

Executed this 3rd day of August 2023        s/Redacted Plaintiff
                                            Redacted Plaintiff