UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

REDACTED,

                                     Plaintiff,                      5:23-cv-01019 (BKS/TWD)

v.

REDACTED,

                                     Defendants.
_____

**Appearances:**

Redacted, Pro se

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff, acting pro se and using the pseudonym, "Redacted," filed this action against Defendants, whom Plaintiff also names "Redacted." (Dkt. No. 1). Plaintiff asserts state law tort claims, fraud claims, constitutional claims, negligence claims, a claim based on an alleged violation of a bankruptcy stay under 11 U.S.C. § 362, a claim of civil conspiracy, and claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968. (*Id.*). Presently before the Court is Plaintiff's motion to file this action pseudonymously. (Dkt. No. 3). Specifically, Plaintiff seeks permission to proceed by pseudonym, for Defendants to proceed by pseudonym, and to proceed without disclosing his identity or address to the Court. (*Id.*). Plaintiff's motion is denied.

**II.    DISCUSSION**

Plaintiff filed the complaint, application to proceed in forma pauperis, and motion to proceed by pseudonym with a supporting affidavit under the pseudonym "Redacted." (Dkt. Nos. 1, 2, 3, 3-1). None of the documents have been signed by Plaintiff under Plaintiff's real name. In addition, much of the complaint has been redacted. Plaintiff has not provided unredacted versions to the Court or filed a motion to seal.

The Federal Rules of Civil Procedure state that "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a); *see also* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number."). The Second Circuit has explained that "[t]his requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188–89 (2d Cir. 2008). "Certainly, '[i]dentifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts.'" *Id.* at 189 (quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997) (Posner, J.)).

At the same time, in certain "sensitive situations, some materials, including the names of parties, may be under judicial seal." *In re New York Times Co. to Unseal Wiretap & Search Warrant Materials*, 577 F.3d 401, 410 n. 4 (2d Cir. 2009). There are "a limited number of exceptions to the general requirement of disclosure of the names of parties, which permit plaintiffs to proceed anonymously." *Sealed Plaintiff*, 537 F.3d at 189 (citation omitted). To decide whether a plaintiff may be allowed to prosecute an action using a pseudonym, "the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure

and any prejudice to the defendant." *Id.* In *Sealed Plaintiff*, the Second Circuit articulated a non-exhaustive list of ten factors courts should consider when faced with an application to proceed under a pseudonym:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature, (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties, (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity, (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age, (5) whether the suit is challenging the actions of the government or that of private parties, (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court, (7) whether the plaintiff's identity has thus far been kept confidential, (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity, (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities, and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 189–90 (citations omitted).

Of these factors, only the fact that Plaintiff's identity has thus far been kept confidential weighs in favor of granting Plaintiff's motion. Here, the litigation appears to involve a small business, ownership of a condominium, a default judgment, and debt collection, for which Plaintiff brings state law tort claims, fraud claims, constitutional claims, negligence claims, a claim based on an alleged violation of a bankruptcy stay under 11 U.S.C. § 362, a claim of civil conspiracy, and RICO claims. (Dkt. No. 1). None of these claims involve highly sensitive matters or appear to be of a personal nature. As to harm, Plaintiff states that "[b]ecause of the extremely sensitive nature of this case, for reasons that can't be fully explained now . . .

information that identifies parties must remain anonymous at this juncture." (Dkt. No. ¶ 4). Plaintiff asserts he has suffered "psychological injury," (Dkt. No. 1, at 5), and that if identities are revealed, Plaintiff will "suffer devastating and irreparable harm" and that he will suffer "$1 million in money and property today and well over $3 million dollars in future damages." (*Id.* ¶ 5). Plaintiff's allegations of potential harms are entirely conclusory and devoid of factual detail. There is no indication Plaintiff is vulnerable to harm due to Plaintiff's age. As the Defendants' identities are unknown to the Court, it has no way of knowing whether this action challenges the actions of the government or that of private parties, nor can it evaluate the prejudice to Defendants if Plaintiff is allowed to proceed by pseudonym. This action appears to arise from an ongoing dispute between the parties and thus is not of a "purely legal nature" that might reduce the public interest in knowing the parties' identities. In the absence of facts that would weigh against disclosure, the Court concludes that the public's interest in the litigation would be furthered by requiring the disclosure of Plaintiff's identity. In addition, there are alternative mechanisms for protecting confidentiality, including protective orders and narrowly tailored sealing of sensitive information. Thus, having reviewed Plaintiff's submissions in light of the factors identified in *Sealed Plaintiff*, with due regard for Plaintiff's status as a pro se litigant, the Court denies Plaintiff's motion to proceed by pseudonym.[1]

      The Court next considers Plaintiff's refusal to disclose Plaintiff's or Defendants' identities, or their addresses to the Court as the failure to disclose this information will prevent this case from proceeding. Because the complaint does not contain Plaintiff's or Defendants' names, and none of Plaintiff's submissions are signed personally, they are in violation of the

---

[1] Plaintiff provides no information whatsoever that suggests a basis for allowing Defendants to proceed by pseudonym. Indeed, applying the factors in *Sealed Plaintiff*, *supra*, to Plaintiff's request that Defendants be permitted to proceed by pseudonym, the Court finds no facts or circumstances that suggest the sealing of Defendants' identities would be warranted.

requirements of Rules 10(a) and 11(a). In addition, without Plaintiff's (or Defendants') identities or addresses, the Court "cannot fulfill its statutory obligations to check for conflicts of interest, or to 'give . . . preclusive effect to . . . state-court judgment[s] in suits 'between the same parties.'" *Publicola v. Lomenzo*, 54 F.4th 108, 112 (2d Cir. 2022) (citation omitted) (first citing 28 U.S.C. §§ 144, 455; and then quoting *McDonald v. City of West Branch*, 466 U.S. 284, 287 & n.5 (1984)); *see also id.* at 114 (explaining that given "Appellant's wholesale refusal to disclose his identity to the Court leaves us unable to fulfill our statutory obligations to apply preclusion doctrines and check for conflicts and recusals – anything short of dismissal would be inappropriate"). However, the Court will afford Plaintiff the opportunity to cure these violations by filing a complaint naming the parties and providing Plaintiff's address to the Court within thirty (30) days of the date of this Memorandum-Decision and Order. The complaint must be wholly unredacted. To the extent Plaintiff continues to seek to proceed by pseudonym in publicly available court records, Plaintiff may file, together with a wholly unredacted complaint, a motion to proceed by pseudonym. Plaintiff is advised that if Plaintiff fails to file a complaint within thirty (30) days disclosing Plaintiff's identity to the Court and providing an address, this case will be dismissed without further order.

Finally, as noted, the complaint contains information marked redacted but has not provided the material sought to be sealed to the Court for in camera review or filed a motion to seal as required by Local Rule 5.3. To the extent Plaintiff seeks to file a redacted complaint, he must file a motion to seal in accordance with Local Rule 5.3.

### III.   CONCLUSION

Accordingly, it is

**ORDERED** that Plaintiff's motion to proceed by pseudonym is **DENIED**; and it is further

**ORDERED** that Plaintiff file, within thirty (30) days of the date of this Memorandum-Decision and Order, a complaint naming the parties and providing Plaintiff's address. To the extent Plaintiff continues to seek to proceed by pseudonym in publicly available court records, Plaintiff may file, together with a wholly unredacted complaint, a motion to proceed by pseudonym. **<u>If Plaintiff fails to file a complaint within thirty (30) days disclosing Plaintiff's identity to the Court and providing an address, this case will be dismissed without further order.</u>** It is further

**ORDERED** that as Plaintiff has failed to provide an address, the Clerk is directed to serve this Memorandum-Decision and Order and a copy of the Local Rules, via the email at the email address Plaintiff provided.

**IT IS SO ORDERED.**

Dated: <u>August 24, 2023</u>
Syracuse, New York

*[Signature]*
Brenda K. Sannes
Chief U.S. District Judge