U.S. DISTRICT COURT – N.D. OF N.Y.
**FILED**
Aug 30 - 2023
John M. Domurad, Clerk

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

REDACTED,
Plaintiff

v.

REDACTED
Individually and in their official capacities,
Defendants

CASE NO. 5:23-cv-01019 (BKS/TWD)

## MOTION TO ALTER JUDGMENT

Several important criteria seem to have been missed when composing the order issued on August 24, 2023, (hereinafter "the order") that Plaintiff will cover in detail in this motion. Page 2 of the order mostly pertains to rules of civil procedure, specifically 10 and 11. Case law provides exceptions to these rules, some of which has been cited in the MOTION TO FILE PSEUDONYMOUSLY/REDACTED CIVIL COMPLAINT (hereinafter "the motion"). Such exceptions revolve around upholding fairness and justice, which are paramount in the instant matter. One correction on this page is needed, however. The statement that "much of the complaint has been redacted" is erroneous. The overwhelming majority (90%) of redactions are from the removal of identifying information that would directly jeopardize anonymity—such as defendant names, case numbers, and the like. There are only twelve state laws and one supporting federal case law that have been redacted out of 13,963 words because not doing so would indirectly jeopardize anonymity. The rest of the complaint is fully intact.

On page 3 of the order, it is stated that "only the fact that Plaintiff's identity has thus far been kept confidential weighs in favor of granting Plaintiff's motion." Relevant to the instant case, there are actually six factors of the ten given in *Sealed Plaintiff*—more than half, which Plaintiff points out in paragraph 7 of the motion—that weigh in favor of granting the motion. Moreover, at the very bottom of this page and the top of the next is a reference to a statement Plaintiff made in the motion's supporting affidavit, but it is baffling why the seven short words, "and in the true interest of justice," were replaced by an ellipsis.

On page 4, the order begins with a reference that is typographically mangled: "(Dkt. No. ¶ 4)," presumably citing the affidavit recorded as part of doc. no. 3. It then continues: "Plaintiff asserts <u>he</u> has suffered 'psychological injury,' (Dkt. No. 1, at 5)" (emphasis added). Nowhere in the complaint—or anywhere in documents filed thus far, for that matter—do I reveal my gender. Also, it is in paragraph 6, not 5. The quotes "suffer devastating and irreparable harm" and "$1 million in money and property today and well over $3 million dollars in future damages" are taken from doc. no. 3-1 at 5, not 1 at 5. The order then states, "Plaintiff's allegations of potential harms are entirely conclusory and devoid of factual detail." The foundation of such a statement is a catch-22. The "harms" are real, and the "factual detail" will come; however, if revealed now, the harm will come instead of justice. Whether the instant case "challenges the actions of the government or that of private parties" is irrelevant. Complaints have been

filed nationwide against either entity type.  Regardless, Plaintiff is seeking damages from private parties only.  Regarding prejudice, if anyone has been a victim of it over the last two-plus decades, it has been Plaintiff.  How else can anyone possibly explain how a condominium valued at over $300,000 has been stolen from someone—*other than Plaintiff*—to pay a fraudulent debt of just over $30,000 *attributed to Plaintiff*, the creation of which began by illegally ripping a legitimate $11,000-plus valid judgment out of Plaintiff's hands, and how hundreds of thousands of dollars have been stolen from Plaintiff and continue to be stolen at the rate of $1,500 per month, all while Plaintiff has been repeatedly denied a trial every step of the way, and in some instances, not even been allowed to be heard in court, thus forcing Plaintiff into extreme poverty, if not for prejudice?

The legal history related to the instant case is completely ridiculous.  It is exactly the reverse of Robin Hood: stealing from the poor and giving to the rich—and is contrary not only to law but also to common sense.  The matter is definitely of a "purely legal nature."  The order then draws the conclusion "that the public's interest in the litigation would be furthered by requiring the disclosure of Plaintiff's identity."  This statement is inapposite since Plaintiff has already said multiple times, in both the motion and the complaint, respectively, that the anonymity is needed only for a "very short time during the initial stage of this civil action" and that "names, addresses, and other information are only ***temporarily*** being redacted" (emphasis original).  "[P]rotective orders and narrowly tailored sealing of sensitive information" will not work in the instant case.  Of note is footnote 1, which says "Plaintiff provides no information whatsoever that suggests a basis for allowing Defendants [and Plaintiff temporarily] to proceed by pseudonym."  This is not true.  Plaintiff has repeatedly provided a basis: see, for example, the note on page 37 of the complaint, the motion in its entirety, and paragraphs 4 and 5 of its accompanying affidavit.  The footnote also implies that Plaintiff wishes to have the defendants' identities sealed.  As shown in the complaint and motion, this is not the request Plaintiff made.  As stated in an email to the court on August 18, 2023, "There are exceptions to local rule 10.1 (and to F. R. Civ. P. 10(a) and F. R. Civ. P. 17(a))."  Ample case law supports exceptions to these rules.  A few are mentioned in the motion, and many more exist in American jurisprudence.

Next on page 5, the order declares that without immediate disclosure, it will not be possible to check for "conflicts of interest, or to 'give . . . preclusive effect to . . . state-court judgment[s]."  Plaintiff personally guarantees and affirms to the highest degree that no "conflicts of interest" will surface.  Additionally, according to the counts elucidated in the complaint, "state-court judgment[s]" are not the gravamen of it.  However, even if the foregoing weren't the case and either *is* relevant, the matter could still be dismissed at a later time—i.e., once the amended complaint is filed—without any harm to the defendants whatsoever.  Compare *Publicola* with the instant case.  There, Plaintiff "proceeded under the pseudonym.....<u>without obtaining the Court's authorization to do so</u>" (emphasis added).  Also there, Plaintiff was proceeding anonymously/pseudonymously *throughout the duration of the action.*  Here, neither is the case.

### ADDITIONAL POINTS

1. As noted earlier, if anyone has suffered prejudice over the years, it has been this plaintiff.  Nobody in his or her right mind can possibly argue otherwise—and be correct.  All of this aside, prejudice is only relevant if it influences the *outcome* of a case.  Prejudice can be heavily against a litigant, but if

that litigant fully prevails without its detrimental effects, then any bias is irrelevant. It is *only* when a litigant is affected by prejudice does it then become relevant. Prejudice against Plaintiff has been clearly established. Prejudice against Defendants has not been established.

2. Even if Plaintiff is allowed to proceed temporarily with the complaint as it is, the court has the prerogative to dismiss it at any time and should cross that bridge when it comes to it, but not any sooner. Any ruling in favor of Plaintiff and justice now cannot therefore cause prejudice to Defendants.

3. Finally, regarding prejudice, it is *physically impossible* to harm a defendant via temporary redaction/anonymity if that defendant files a responsive pleading to an unredacted complaint, which will happen here if this motion is granted. Absolutely *zero* case law proves otherwise. This point seems to have been missed as reflected in the order.

4. The redacted information in all papers filed by Plaintiff is only *temporary*, which it seems was also missed as reflected in the order. Plaintiff reiterates the last sentence of paragraph 10 of the motion: "Plaintiff will file an amended complaint before Defendant's first responsive pleading and reveal all anonymous/redacted information in said amended complaint."

5. We members of the public learn in this country that justice is supposed to be blind. Unfortunately, the sad reality is that it is not. Time and time again, rules of procedure have been broken, civil laws have been violated, crimes have been committed.....and justice has been perverted. This is precisely why the instant case has been filed.

6. To the best of Plaintiff's knowledge, the ancillary facts surrounding the instant case and necessitating the motion are precedential. Therefore, case law for or against the motion is largely inapposite. As pointed out in paragraph 10 of the motion, *Doe* is one case wherein Plaintiff was allowed to temporarily proceed anonymously and perhaps bears the most relevance.

7. Lastly, asking for justice to be served just *one time* in more than twenty years is certainly not asking too much.

## CONCLUSION

In order for justice to be served, Plaintiff requires anonymity/redaction only for a very short time during the initial stage of this civil action. Therefore, Plaintiff requests that the order be altered to allow Plaintiff to proceed with redactions and anonymity in place for now, but with an unredacted complaint and other associated papers being filed anytime before Defendants' first responsive pleading is filed. Plaintiff has no objection to allowing Defendants to file a responsive pleading up to thirty days after the amended complaint is filed.

Executed this 30th day of August 2023        s/Redacted Plaintiff
                                              Redacted Plaintiff

3